[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife brings this complaint seeking a dissolution of the marriage of the parties.
The court finds:
The parties intermarried at Pawling, New York on January 8, 1983. The wife's maiden name is Patricia Elizabeth Gatto. Both parties have resided for twelve or more months in the State of Connecticut immediately preceding the filing of this complaint. Joshua Andrew Saunders, born April 8, 1986 is the only issue of this marriage. No other minor child has been born to the wife. Neither party is or has received financial assistance from the state of Connecticut.
The marriage of the parties has broken down irretrievably. CT Page 1129
The parties are at issue as to the custody of the minor child as well as the division of the assets of the marriage.
Both parties were quite young when they married. The plaintiff had a traumatic childhood in a home in which her parents were in constant disagreement and which ended in divorce.
The defendant, also, had difficulties with his parents.
The defendant, also, had difficulties with his parents.
The parties lived together prior to marriage. Both before and after the marriage the parties had serious disagreements. The most serious problem between them was the defendant's jealousy whenever the plaintiff had contact with other men. It appears that at times the defendant's jealousy and suspicions were warranted.
Throughout the marriage the parties' relationship was stormy with periods of separation.
After this dissolution action was instituted custody of the minor child was with the mother. During an approximately six month period the minor child suffered two fractures of bones in his legs while in the mother's care. Custody was transferred to the father after a full scale hearing and has continued for approximately two and one-half years to date.
At the present hearing there is no claim by the defendant that the mother is not capable of adequately caring for the child, nor that she poses any risk to the child if the child were in her custody. The main thrust of the defendant's argument is that the best interests of the minor child at this time would be served by having him remain with the father in the stable setting that he has been in for the past two and one-half years — more than one-half of his four and one-half years of life.
The plaintiff mother argues that she was deprived of the custody of her child for the past two and one-half years because of inadequate and incomplete investigations. That she has expended large sums of money, had to go through much medical and psychological treatment that resulted because of the transfer of custody from her to the defendant. That now, in spite of the fact that there is nothing to indicate she is not a loving, caring and totally adequate mother, she is being deprived of custody because the original transfer of custody permitted the defendant to have custody and to now claim that the best interest of the child requires him to remain with the father. CT Page 1130
The court is aware of the need to balance the interests of the parents in nurturing a close and loving relationship with their child, as well as the knowledge that such a relationship requires continuing, close physical presence of the parent and child.
The court also is aware that although the parent's interest in having custody of a child is great, it is not paramount. That interest is subordinate to the best interests of the child.
In the present situation the child has entered into a continuing, stable relationship with his father. Admittedly, the father's live-in girl friend does not provide the same relationship for the child as having his mother present providing loving and caring attention on a day to day schedule.
On the other hand, to remove the child from the stable home life to which he has become accustomed and to place him into a new home setting to renew the relationship with his mother does not conform with the best interests of the child. A further difficulty is that this might also entail a removal of the child from the child-care facility he is presently attending.
Taking into consideration the best interests of the child as well as the interests of the individual parents, also, considering all of the evidence presented at the hearing, and applying the applicable statutory criteria, the court enters the following orders:
Custody of the minor child is to be with the defendant father with very liberal visitations to the plaintiff mother. The following minimum specific days and times during which the mother is to have visitations with the child:
Alternate weekends from Friday after day care or school to Sunday at 5:00 p. m. Each Wednesday, at the time day care or school is over to 7:00 p. m. Three weeks during school vacation periods with those vacation weeks consecutive or individual weeks. A vacation week is to be considered seven (7) consecutive days. Notice of vacation periods selected by the non-custodial parent is to be given to the custodial parent at least thirty (30) days prior to the period selected. The following holidays are to be alternated for visitation between the parents, also the holidays are to be alternated on an annual basis.
New Year's Day, child's birthday, Memorial Day, July 4th, Labor Day, Thanksgiving and Christmas. On these days the CT Page 1131 visitation time is to be from 10:00 a.m. to 7:00 p. m. In addition the visitation schedule is to have precedence for visitation for the mother on Mother's Day, and for the father on Father's Day.
The visiting parent is to pick-up and return the child to the custodial parent.
The mother is authorized to receive any and all documents and information concerning the child from school records and officials, as well as to participate in school parental activities concerning the child. Further, she is to be provided with the medical condition of the child and freely permitted access to the child's medical records.
The court suggests, but does not order, that the above ordered liberal visitation schedule will rekindle the close personal relationship between mother and child that may lead to a reconsideration of custody, based upon the best interests of the child, prior to the child being enrolled in a school. However, such a reconsideration is left to any future pleadings presented to the court.
The plaintiff is to pay support for the minor child to the defendant in the sum of $100.00 per week with credit for any seven (7) day week during which the child is staying with the plaintiff.
The defendant is to provide medical insurance coverage as available through his employment for the minor child with each parent to be responsible for one-half (1/2) of all unreimbursed medical, optical, dental and psychological expenses incurred for the child.
All assets in the possession of an individual party is to be that party's asset. All liabilities listed in the individual name of each party is to be the responsibility for payment by that party.
Judgment is to enter in accordance with the above set-out orders with plaintiff's counsel to prepare the judgment file with the defendant's counsel to be given an opportunity to review the judgment file.
Further, the plaintiff's counsel is to file with the clerk's office the garnishment form set out in Conn. Gen. Stat. sec. 52-362.
It is so ordered. CT Page 1132
JULIUS J. KREMSKI, STATE TRIAL REFEREE